IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NELDA F. COULSON, individually and as Special Administratrix of the Estate of PRESLEY AARON COULSON, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> JENSEN INTERNATIONAL, INC., d/b/a JENCAST, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 10-CV-788-GKF-FHM ) ) ) ) ) |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Dkt. #8] of defendant Jensen International, Inc. ("Jensen"). Jensen asserts plaintiff's Second Amended Petition [Dkt. #2-1] and Amended Complaint [Dkt. #17] fail to state a *Parret* claim and further, plaintiff's application for and acceptance of workers' compensation benefits bars this action.[1]

Presley Aaron Coulson, a Jensen employee, died in an accident at Jensen's foundry in South Coffeyville, Oklahoma, on July 15, 2010. Plaintiff, the decedent's mother, filed her original Petition against Jensen in Tulsa County District Court on August 24, 2010, and her Second Amended Petition on November 23, 2010. [Dkt. #2]. On December 10, 2010, Jensen removed the case to federal court. [*Id.*].

Plaintiff alleges decedent was electrocuted by an unsafe welding machine and then sustained a fall from an elevated working area which caused him to hit his head on the concrete

---

[1] After defendant filed its Motion to Dismiss [Dkt. #8], plaintiff, with leave of court, filed an Amended Complaint [Dkt. #17]. In its Reply in support of the Motion to Dismiss [Dkt. #20], defendant renewed its motion to dismiss the Amended Complaint.

1

floor. [Dkt. #17, ¶VI]. She asserts the welding equipment provided by Jensen had uninsulated components, that defendant required decedent to place himself in a position that exposed him to the uninsulated components, and that it knew that the conditions under which it required him to work were such that injury or death was substantially certain to occur. [*Id.*]. Plaintiff alleges that because of the nature of the acts and omissions of defendant, the exclusive remedy protections contained in 85 O.S. § 12 are not applicable and defendant is liable to decedent's estate as provided by the Oklahoma Wrongful Death Statute and pursuant to *Parret v. Unicco Service Company,* 127 P.3d 572 (Okla. 2005). [*Id.,* ¶XVI]. Plaintiff seeks actual damages in excess of $75,000 and punitive damages. [*Id.,* ¶XVIII].

In its Motion to Dismiss [Dkt. #8], defendant initially asserted only that plaintiff's complaint failed to allege facts which, taken as true, supported a *Parret* claim. Five days later, the parties in this case filed a Joint Petition in Oklahoma Workers' Compensation Case No. 2010-08974-F for approval of an agreed award of $300,000 in death benefits to plaintiff and Andrew Coulson, a minor child. [Dkt. #12, Ex. 1].[2] The Order Approving Joint Petition was signed and filed on December 22, 2010. [*Id.*].

As a result, defendant filed a supplement to its motion asserting plaintiff had elected her remedy by applying for an accepting worker's compensation benefits, and this action is barred by Oklahoma law. [Dkt. #12].

The court takes judicial notice of the Joint Petition and the Order Approving Joint Petition filed in the Workers' Compensation Court. A court's decision to dismiss a claim

---

[2] The Joint Petition signed by claimant and the employer (plaintiff and defendant herein) states:

> Claimant alleges that…claimant sustained *an accidental personal injury* arising out of and in the course of said employment.

[Dkt. #12, Ex. 1] (emphasis added).

2

pursuant to Rule 12(b)(6) may be based on materials outside the pleadings that include matters of public record, items subject to judicial notice, orders and items appearing in the record of the case. *Peterson v. Saperstein,* 267 F. Appx. 751, 754 (10th Cir. 2008) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

In *Griffin v. Baker Petrolite Corp.,* 99 P.3d 262 (Okla. Civ. App. 2004), the court, citing *Pryse Monument Co. v. District Court of Kay County,* 595 P.2d 435, 435-37 (Okla. 1979),[3] and *Dyke v. Saint Francis Hosp., Inc.,* 861 P.2d 295,302 (Okla. 1993),[4] held that a plaintiff who had applied for and received benefits under the Workers Compensation Act was barred from asserting a tort claim for the same injury in state court. In so ruling, the court stated: "[A]n employee who has two remedies for the same injury and has prosecuted one of them to conclusion (securing an award or judgment), is barred from resort to the other remedy. " *Id.* at 265 (quotations and citations omitted).

---

[3] In *Pryse Monument,* the employer was impermissibly uninsured. 595 P.2d at 436. The worker had filed a claim in the State Industrial Court (now Workers' Compensation Court), which held the claim to be barred by the one-year statute of limitations. *Id.* Subsequently, the worker filed suit in district court to recover damages in tort for the same injury, as permitted by the Workers Compensation Act, 85 O.S. § 12, and within the two-year statute of limitations applicable to tort actions. *Id.* The Oklahoma Supreme Court held that plaintiff's decision to pursue the worker's compensation action precluded simultaneous prosecution of the state court action, and the preclusion became absolute and conclusive at the termination of the first suit. *Id.* at 437. The court stated, "Once a remedy is chosen and then pursued to conclusion, the point of no return is reached although there has been no satisfaction, much less vindication, of the right." *Id.*

[4] In *Dyke*, a hospital employee who had been exposed to hepatitis in the course of her employment was given a series of vaccinations by the employee health department. 861 P.2d at 297. She subsequently became seriously ill with Guillain-Barre syndrome. *Id.* Plaintiff sued defendants for malpractice in district court and defendants moved for dismissal based on exclusivity of Oklahoma's worker's compensation remedy. *Id.* at 298. Defendants attached to their brief a copy of plaintiff's first notice of accidental injury and claim for compensation, which had been filed with the Workers' Compensation Court. *Id.* at 299. The trial court dismissed the suit against both the hospital and the doctors. *Id.* at 298. The appellate court reversed the dismissal, holding that when the hospital, acting through the doctors, sought to treat Dyke for the hepatitis exposure, it assumed obligations unrelated to those of the employer, which in turn gave rise to distinct duties under the dual persona doctrine. On appeal to the Oklahoma Supreme Court, the hospital and doctors submitted a copy of plaintiff's compensation award from the Workers' Compensation Court. *Id.* at 299. The Supreme Court rejected plaintiff's dual persona argument, finding that plaintiff's exposure to hepatitis was not a separate, compensable injury. *Id.* at 301-302. Citing *Pryse Monument,* it held that an employee who has two remedies for the same injury and has prosecuted one of them to conclusion is barred from resort to the other remedy. *Id.* at 302. However, the court declined to consider the compensation award appended to defendants' appellate brief as an ineffective attempt to supplement the record on appeal, and found that based on the record properly before the court, it could not conclude, *inter alia,* that plaintiff secured a workers compensation award that would bar the present action. *Id.* at 304.

The plaintiff in *Griffin* had, in 1998, applied for workers' compensation benefits for cumulative trauma respiratory illness from exposure to ethylene oxide and other chemicals in the course of his employment with defendant. *Id.* at 264. In February 2000, he sued his employer in Tulsa County District Court for actual and punitive damages asserting, *inter alia,* a claim for intentional infliction of emotional distress based on the employer's alleged failure to address and protect employees from the known dangers of ethylene oxide in the work place. *Id.* In 2002, the workers' compensation court awarded plaintiff benefits for permanent partial disability based on his exposure to the chemicals. *Id.* Subsequently, the employer moved for summary judgment on his IIED claim, arguing, *inter alia,* that plaintiff's election to pursue and accept workers' compensation remedies precluded assertion of his emotional distress claim. *Id.* The district court granted the employer's motion, and the appellate court affirmed.[5]

In ruling that plaintiff's acceptance of the workers' compensation award barred his state court claim for emotional distress, the court stated:

> This rule, which in essence erects a res judicata bar, is applicable to compensation claimants who may also press a tort remedy. The law provides but one method to avoid the [election of remedy] bar—by action in a district court suit to set aside the [workers' compensation] award for extrinsic fraud—and [b]arring this relief, which is the sine qua non of a later tort redress, the award must be given its full res judicata effect.

*Id.* at 265 (quoting *Dyke,* 861 P.2d at 302).

Here, plaintiff filed both a workers' compensation claim and a *Parret* lawsuit seeking compensation for the death of her son. Subsequently, she obtained a workers' compensation award. *Griffin, Dyke* and *Pryse Monument* instruct that that when a plaintiff with both a

---

[5] The district court in *Griffin* also concluded plaintiff's claim was barred by the exclusive remedy provision of 85 O.S. § 12. The appellate court in this pre-*Parret* case acknowledged "In some cases…an employee who has been wilfully [*sic*] injured by his employer [may] ha[ve] a common law action for damages," but concluded plaintiff had presented no evidence arguably demonstrating that the employer knew or was substantially certain plaintiff would suffer emotional distress as a result of the chemical exposure or its failure to abate the ethylene oxide leaks. *Id.* at 266.

4

workers' compensation claim and a tort claim elects and pursues one to conclusion, she is barred from resort to the other remedy. The workers' compensation award serves as a res judicata bar to plaintiff's intentional tort claim in this case. Therefore, this action must be dismissed.

For the reasons set forth above, defendant's Motion to Dismiss [Dkt. #8] is granted.

ENTERED this 22nd day of September, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma