**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

NELDA F. COULSON, individually and as )
Special Administratrix of the Estate of )
PRESLEY AARON COULSON, Deceased, )
                )
     Plaintiff,         )
                )
v.                )  Case No. 10-CV-788-GKF-FHM
                )
JENSEN INTERNATIONAL, INC., )
d/b/a JENCAST,          )
                )
     Defendant.       )

## OPINION AND ORDER

   Before the court are the Motion to Alter or Amend Judgment and the Motion for Relief from Final Judgment filed by plaintiff, Nelda F. Coulson ("Coulson"). [Dkt. ##25, 27]. Plaintiff seeks reconsideration the court's order of September 22, 2011, dismissing plaintiff's *Parret* claim against Jensen International, Inc. ("Jensen").

   Plaintiff's son, Presley Aaron Coulson, a Jensen employee, died in an accident at Jensen's foundry in South Coffeyville, Oklahoma, on July 15, 2010. Plaintiff filed both a suit for wrongful death in Tulsa County District Court and a claim for workers' compensation benefits (Case No. 2010-08974).

   Jensen removed the wrongful death suit to this court. Subsequently, the parties in this case filed a Joint Petition for approval of an agreed award of $300,000 in death benefits in the workers' compensation case. The workers' compensation court approved the award on December 22, 2010. Jensen moved to dismiss this lawsuit, arguing, *inter alia,* that plaintiff's acceptance of the workers' compensation award barred her from asserting a tort claim for the same injury in state court. [Dkt. #17]. The court granted the motion, finding the workers'

compensation award serves as a *res judicata* bar to plaintiff's intentional tort claim in this case. [Dkt. #23].

Citing *Torres v. Cintas Corp.,* 707 F. Supp.2d 1284 (N.D. Okla. 2010),[1] plaintiff argues that at the time of the incident giving rise to this action, Oklahoma law permitted an injured plaintiff to recover both a workers' compensation award and common law tort damages against an employer.[2]

## I. Standard of Review

A Rule 59 motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d

---

[1] Neither party cited this decision in briefs filed in connection with defendant's Motion to Dismiss, although another decision in the *Torres* case was cited and discussed by the parties.

[2] In 2010, the Oklahoma Legislature amended § 12 of the Oklahoma Workers' Compensation Act ("OWCA") to provide that the liability prescribed in the OWCA is exclusive "except in the case of an intentional tort, or where the employer has failed to secure the payment of compensation for the injured employee." 85 O.S. § 12, *repealed and recodified* at 85 O.S. § 302(A). The amended § 12 also stated:

> B. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The issue of whether an act is an intentional tort shall be a question of law for the Court.
> 
> \* \* \*
> 
> I. If the employer has failed to secure the payment of compensation as provided in Section 51 of this act or in the case of an intentional tort, the injured employee or his legal representative may maintain an action either in the Workers' Compensation Court or in the district court, but not both.

*See* H.B. 2650, 52nd Leg., Reg. Sess., § 3 (Okla. 2010), codified at 85 O.S. § 12, *repealed and recodified at* 85 O.S. § 302. The amendment to § 12 took effect on August 27, 2010, and the new language remained unchanged when the OCWA was recodified in 2011.

941, 948 (10th Cir. 1995)). Similarly, Rule 60(b)(1) can be used to correct a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996).

**II. Analysis**

In *Torres,* Judge Claire V. Eagan of this District Court raised, *sua sponte,* the issue of whether plaintiff's *Parret* claim for wrongful death of her husband was precluded by plaintiff's acceptance of worker's compensation award of death benefits. In a minute order dated March 29, 2010, Judge Eagan directed the parties to be prepared at the pretrial conference to discuss the issue of whether plaintiff's *Parret* claim was barred by her election of workers' compensation benefits. [Case No. 4:08-CV-185-CVE-TLW, Dkt. #392].

After the pretrial conference, Judge Eagan entered the Opinion and Order now relied on by plaintiff. [*Id.,* Dkt. #403]. In that order, the court held that plaintiff's *Parret* claim was *not* precluded by her acceptance of workers compensation benefits, but the benefits should be considered as a set off to any damages recovered in her *Parret* wrongful death suit. *Torres,* 707 F.Supp.2d at 1287. In so ruling, the court discussed the elements required for application of the election of remedies doctrine, as set out in *Pryse Monument Co. v. Dist. Ct. of Kay County,* 595 P.2d 435 (Okla. 1979): (1) two or more remedies must be in existence; (2) the available remedies must be inconsistent; and (3) the choice of one remedy and its pursuit to conclusion must be made with knowledge of alternatives that are available. *Torres,* 707 F.Supp.2d at 1285. The court acknowledged that the Oklahoma Supreme Court has never determined whether a *Parret* claim is inconsistent with a worker's compensation claim. *Id.* It found that it was "not clear that the *Pryse Monument* bar applies to true intentional tort claims, because the intentional tort claim is an exception to the exclusivity provisions of the Oklahoma Workers' Compensation

3

Act." *Id.* at 1286. The court stated, "[a]lmost every state appellate court that has considered this issue has found that an injured employee may collect workers' compensation and also file an intentional tort claim." *Id.* at 1285. The court concluded:

> Based on Oklahoma law and judicial decisions from other states, the Court finds that the Oklahoma Supreme Court would follow the majority rule and permit an injured employee to accept workers' compensation benefits and pursue a *Parret* claim, because the remedies are not inconsistent as a matter of law. Plaintiff seeks a remedy that is excluded from coverage under the Oklahoma Workers' Compensation Act and, thus, *Pryse Monument* does not bar plaintiff's *Parret* claim.

*Id.* at 1286.

The court, having reviewed cases cited in *Torres,* does not find the weight of authority clearly favors permitting injured plaintiffs to pursue and collect both workers' compensation awards and tort damages. Of the cases decided in other jurisdictions, only *Woodson v. Rowland,* 329 N.C. 330, 407 S.E.2d 222 (N.C. 1991) stands for the proposition that an employer can be held liable for both a workers' compensation claim and an intentional tort claim based on a work-related injury. In *Medina v. Herrera,* 927 S.W.2d 597 (Tex. 1996), the opposite conclusion was reached. The remaining cases are inapposite.[3]

---

[3] In two cases—*Mendoza v. McDonald's Corp.,* 213 P.3d 288 (Ariz.Ct.App. 2009) and *Travelers Ins. Co. v. Savio,* 706 P.2d 1258 (Colo. 1985), state courts held that an injured worker who accepted workers' compensation benefits could recover separately in state court against the employer and/or workers' compensation carrier on a claim of bad faith handling of the employee's workers compensation claim. In *Millison v. E.I. DuPont de Nemours & Co.,* 501 A.2d 505 (N.J. 1985), the court held employees who had received workers' compensation benefits for initial occupational disease disabilities resulting from asbestos exposure could not seek additional damages for that exposure in state court but *could* seek damages for aggravation of their illness based on alleged fraudulent concealment of knowledge of the already-contracted diseases by their employer and company physicians. In *DePuy, Inc. v. Farmer,* 847 N.E.2d 160 (Ind. 2006), an employee injured on the job when he was attacked by a coworker sought worker's compensation benefits and filed a civil suit against both the coworker (for battery) and the employer (for negligence). He settled his claim against the coworker and the trial court dismissed his claim against the employer on the basis that the claim was barred by the workers compensation act. *Id.* at 163. On appeal, the employer argued the injured employee's settlement with the coworker barred his workers' compensation claim. *Id.* at 170. The court found that the settlement with the coworker before workers' compensation benefits had been resolved did not

4

However, the policy considerations articulated in *Parret* support the conclusion in *Torres* that an injured worker who receives workers' compensation benefits is not barred from pursuing tort damages subject to the employer's right of setoff. In *Parret,* the court described the legislature's effort to balance the interests of both injured workers and employers:

> Workers' compensation is a mechanism for providing wage benefits and medical care to injured workers and spreading the cost of these benefits through insurance. The premium cost is passed on in the price of the employer's product or service.
>
> To facilitate workers' compensation and its objectives, an "industrial bargain" was imposed. The employee gave up the right to bring a common law negligence action against the employer and in return received automatic guaranteed medical and wage benefits. The employer gave up the common law defenses and received reduced exposure to liability. Thus, under section 11 of the Workers' Compensation Act "[e]very employer … shall pay … compensation … for the disability or death of an employee arising out of and in the course of employment without regard to fault."

*Parret,* 127 P.3d at 578 (citations omitted). The court concluded that "[t]he substantial certainty standard strikes the proper balance by emphasizing employees' interest in protection from employer misconduct while maintaining employers' fixed liability for all but intentional workplace injuries." *Id.*

The statute in effect on the date of the employee's injury controls. *See Am. Airlines Inc. v. Crabb,* 221 P.3d 1289, 1291 (Okla. 2009); *Berry v. Norris Sucker Rods,* 2011 WL 3734213

---

bar the employee from pursuing workers' compensation for the injury, but if workers' compensation benefits were awarded, the employer was entitled to subrogation rights to prevent double recovery. *Id.* at 170-171. In *In re Drumm's Case,* 903 N.E.2d 1127 (Mass. App. Ct. 2009) the Appeals Court of Massachusetts, interpreting a provision of the state's worker's compensation act that permitted double compensation where an employee's injury was due to the "serious and willful misconduct of the employer," held that the employer's conduct must have been of a "quasi-criminal makeup" in order for the statue to apply. In *Luna v. Lewis Casing Crews, Inc.,* 159 P.3d 256 (N.M. 2007), the court held that an injured worker's pending intentional tort suit against his employer in state court (a "*Delgado* claim") did not bar him from receiving interim or partial lump-sum payments of a worker's compensation claim. *Id.* at 609-610. However, the court *also* stated that "a lump sum payment for *all* periodic future benefits is a final determination that the injury was accidental and subsequently bars a *Delgado* claim based on the same injury." *Id.* citing *Salazar* (emphasis added).

5

(N.D. Okla. 2011). Presley Aaron Coulson was injured and died before the August 27, 2010 amendment of § 12 of the OWCA. This court holds the *Parret* court would conclude that forcing an employee who had been intentionally injured by his employer to elect between workers' compensation benefits and tort damages would disrupt the balance sought to be achieved by Oklahoma's workers' compensation laws at that time.[4] As one court has put the concern:

> In most cases, practical considerations will compel the worker to accept the easier, more immediate relief afforded by the Act, even though these benefits do not fully compensate the worker. Most seriously injured workers are not in a financial position to wait out a lengthy, expensive and risky court proceeding to be compensated for their injuries, due to the problems of pressing medical bills, and often the inability to work. Many will thus be forced by harsh realities to opt for workers' compensation.

*Jones v. VIP Development Co.,* 15 Ohio St.3d 90, 472 N.E.2d 1046, 1054 (Ohio 1984). Moreover, "[a]n employer in such a case could merely refrain from contesting the [workers' compensation] claim, and then reap the rewards of absolute immunity from further liability." *Id.*

Because this case is controlled by *Parret*, the court concludes plaintiff's acceptance of workers' compensation benefits does not preclude assertion of her wrongful death claim. The workers' compensation award, however, will be set off against plaintiff's tort damages, if any.

### III. Failure to State a Claim

Defendant urges the court to uphold its dismissal of plaintiff's case on the alternative basis that plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion is properly granted when a complaint provides "no more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to

---

[4] As stated in footnote 2, above, the Oklahoma Legislature amended the law and thereby struck a new balance for injuries occurring on or after August 27, 2010.

raise a right to relief above the speculative level." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Id.* However, a court need not accept as true those allegations that are no more than "labels and conclusions." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974.

Under *Parret,* an employer's conduct amounts to an intentional tort where the employer (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. 172 P.3d at 579. With respect to the second part of the standard:

> [Th]e employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated. In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence. Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances.

*Id.*

The Amended Complaint [Dkt. #17] alleges Coulson, who went to work for Jensen on May 3, 2010, had no experience or training on how to work with or around welding equipment or on electrical systems and wiring. [*Id.,* ¶V]. Plaintiff alleges that on July 15, 2010, her son was electrocuted while handling a welding machine that was unsafe and had uninsulated wires, fell from an elevated working area, hit his head on a concrete fall and died as a result of the electrical shock and fall. [*Id.,* ¶VI]. Plaintiff alleges Jensen failed to inspect the welding equipment before it was used on decedent's shift, failed to train decedent and other employees on the safe use of welding equipment, and, by its unsafe practices, exposed decedent and other

7

employees to the hazards associated with electrical shock. [*Id.,* ¶¶VIII-X]. Plaintiff alleges Jensen's conduct and the surrounding circumstances "reflect the Defendant's failure to train employees and to implement and follow good safety practices regarding hazardous energy," and that "the Defendant consciously decided to expose its workers to hazards from electrical shock on an ongoing basis with knowledge that conditions under which the Defendant … required Presley Aaron Coulson to work were such that injury or death was substantially certain to follow." [*Id.,* ¶¶XII, XIV].

The court concludes the Amended Complaint contains factual allegations sufficient to state a claim for relief that is plausible on its face under the law applicable on the date of the occurrence. Therefore, the court rejects defendant's alternative argument that the Amended Complaint fails to state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing reasons, plaintiff's Motion to Alter or Amend Judgment and Motion for Relief from Final Judgment [Dkt. ##25, 27] are granted. The Judgment entered September 24, 2011 [Dkt. #24] is vacated and counsel are directed to confer and propose a scheduling order for the court's consideration.

ENTERED this 1st day of June, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8