IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH EDWARDS, Personal Representative of the Estate of PRESLEY COULSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JENSEN INTERNATIONAL, INC., d/b/a JENCAST,<br><br>    Defendant. | Case No.10-CV-788-GKF-FHM |

**OPINION AND ORDER**

Plaintiff's Motion for Protective Order, [Dkt. 48], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed.

Plaintiff seeks a protective order to prevent Defendant from conducting discovery on the issue of whether Nesha Daniel Coulson (Nesha) was the common law wife and surviving spouse of Presley Coulson in this wrongful death action brought pursuant to diversity jurisdiction concerning the death of Presley Coulson (Presley). Plaintiff asserts that depositions and a great deal of discovery was conducted in the Oklahoma probate case and in the Workers' Compensation case and findings were entered concerning the marital status. The Tulsa County District Court issued an order finding that "at the time of his death, the Decedent, PRESLEY, was married by virtue of a common-law marriage to Nesha Daniel Coulson." [Dkt. 48-4, p.2 – SEALED]. Thereafter Defendant settled the death claim. The Joint Petition, the document which settled the Workers' Compensation claim, lists Nesha Daniel as "surviving spouse." [Dkt. 48-1 – SEALED]. Plaintiff asserts that the matter of the marital status of Nesha and Presley has been decided and this court

is required to give preclusive effect to the state court decisions concerning the marital status of Presley and Nesha, citing *In re Hyde*, 255 P.3d 411 (Okla. 2011).[1]

Defendant, citing the broad scope of discovery, argues that Plaintiff's request for a protective order improperly seeks to curb the scope of discovery and there has been no showing of good cause for the issuance of a protective order. Further, Defendant asserts there are "factual underpinnings" that must be explored by discovery before the court can determine whether Defendant is bound by the state court rulings: 1) whether the status of Nesha as common law wife of Presley was actually litigated; and 2) whether Defendant was in privity with Presley's mother who opposed Nesha's status as Presley's common-law wife but apparently later acquiesced to that finding. Defendant asserts that the agreement of Presley's mother that Nesha was Presley's common law wife may have been a litigation strategy. Defendant argues that it was not in privity with Presley's mother such that issue preclusion can apply and that discovery must be conducted before that issue can be decided. Defendant further argues that the matter is more appropriately handled by a motion in limine after discovery has been completed.

---

[1] In *In re Hyde*, 225 P.3d 411 (Okla. 2011), the Oklahoma Supreme Court ruled that the decision of an Oklahoma District Court finding the existence of a common-law marriage was binding in a Workers' Compensation case. The District Court decision was given preclusive effect even though the decedent's mother, who initially objected to the putative wife's appointment as personal representative of the decedent's estate later withdrew her objection, preferring to litigate the wife's status as decedent's common-law wife in the Workers' Compensation Court. *Id.* at 413. The Oklahoma Supreme Court rejected the employer's argument that the District Court's judgment was not binding on the employer on the basis that it was not a party to the District Court proceedings. The *Hyde* Court ruled the doctrine of preclusion operated to enjoin the employer's attempt to relitigate the issue of marital status. *Id.* at 415.
 Issue preclusion operates to prevent relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies. *Id* The Court found that the decedent's mother had the same interest in regard to the wife as surviving spouse as did the employer. Both parties had the same opportunity to have the question of marital status determined by a court, however the District Court ruled before the Workers' Compensation Court. *Id.*

The court notes that this motion has been presented without providing the court any information about the type and breadth of discovery contemplated on the marital issue. Plaintiff stated that a good deal of discovery was conducted on the marital issue in the state court proceedings but did not provide any detail about that discovery. Nor has Plaintiff demonstrated that additional discovery on the marital issue would be particularly onerous. On the other hand, Defendant did not dispute that a good deal of discovery was conducted and has not attempted to demonstrate that the discovery conducted in the state proceedings is insufficient for its purposes in this case.

The court recognizes that the *Hyde* case has facts and a procedural history remarkably similar to this case. That case may well prevent Defendant from further litigation of the question of the marital status of Nesha and Presley. However, given the broad scope of discovery and the absence of any argument that additional discovery would be onerous, the court finds that it is not appropriate to issue a protective order to prevent further discovery on the marital status issue.

Plaintiff's Motion for Protective Order, [Dkt. 48], is DENIED.

SO ORDERED this 13th day of August, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE